# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANIELLE DUCHENE,

    Plaintiff,

v.                                                        CASE NO: 8:17-cv-236-T-30AAS

AARGON COLLECTION AGENCY, INC.,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 13) and Plaintiff's Response in Opposition (Dkt. 21). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Danielle Duchene filed the instant action against Defendant Aargon Collection Agency, Inc. under the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff alleges that Defendant improperly reported a debt to a credit reporting agency. Plaintiff disputed the debt directly with Defendant via a "dispute letter" on October 27, 2016. Subsequently, Plaintiff reviewed her credit report and discovered that Defendant had re-reported the debt in December 2016. When the debt was re-reported, Defendant failed to indicate that the debt was "disputed by consumer" in violation of the FDCPA. Plaintiff alleges that Defendant's improper reporting of the disputed debt damaged Plaintiff and seeks

actual and statutory damages under the FDCPA. Defendant now moves to dismiss Plaintiff's complaint for lack of standing.

## **DISCUSSION**

Defendant's entire standing argument relies on the misguided belief that Plaintiff must allege specific damages flowing from the FDCPA violation. The United States Supreme Court and the Eleventh Circuit state otherwise. Specifically, to establish standing a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). As the Eleventh Circuit recognized in *Church v. Accretive Health, Inc.*, 654 Fed.Appx. 990 (11th Cir. 2016), violation of statutory rights is not a "hypothetical or uncertain" injury, but "one that Congress has elevated to the status of a legally cognizable injury." *Id.* at 995. In *Church*, the Eleventh Circuit examined whether a plaintiff had standing to bring a claim under the FDCPA arising from receipt of a letter advising her that she owed a debt, but not including certain disclosures required under the FDCPA. The Eleventh Circuit found standing because the invasion of "[the plaintiff's] right to receive the disclosures is not hypothetical or uncertain; [the plaintiff[ did not receive information to which she alleges she was entitled." *Id.* at 994-95.

More recently, the Eleventh Circuit reiterated that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" so that "a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1339-40 (11th Cir. 2017)

(quoting *Spokeo*, 136 S. Ct. at 1549). In *Perry*, the plaintiff brought suit under the Video Privacy Protection Act ("VPPA")[1] and did not allege any additional harm beyond the statutory violation. The Eleventh Circuit found this sufficient to allege a concrete injury for standing purposes because the structure and purpose of the VPPA provided actionable rights, and a violation of the VPPA constituted a concrete harm. *Id.*

Based on this binding precedent, the Court concludes that Plaintiff's complaint establishes her standing. Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights under the FDCPA to dispute a debt and have that debt properly reported to credit reporting agencies, so that Plaintiff's credit is not adversely impacted. It is axiomatic that an inaccurate credit rating poses a risk of harm because it may influence other creditors or potential creditors to take an adverse action, such as declining future credit. Accordingly, Defendant's motion to dismiss is denied.[2]

It is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant's Motion to Dismiss (Dkt. 13) is DENIED.

---

[1] The VPPA prohibits the wrongful disclosure by a video tape service provider of video tape rental or sale records. It creates a cause of action for "[a]ny person aggrieved by any act of a person in violation of this section." 18 U.S.C. § 2710(c)(1).

[2] Notably, the Court's ruling is consistent with its prior rulings on the issue of standing in the context of pure statutory violations. *See, e.g., Dickens v. GC Services Limited Partnership*, Case No. 16-cv-803-T-30TGW, 2016 WL 3917530, at *2 (M.D. Fla. July 20, 2016) (Moody, J.) (denying motion to dismiss FDCPA claim for lack of standing because "an alleged failure to comply with a federal law," as alleged in the plaintiff's complaint, "may indeed be enough to confer standing. *Spokeo* in no way stands for the proposition that it is not.").

2. Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2017.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record